United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 21, 2004**

Charles R. Fulbruge III
Clerk

**REVISED OCTOBER 6, 2004**
IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 03-60873
_____

MARIA DEL CARMEN BARRERA DE ZAVALA,

                                                    Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL

                                                    Respondent.

----------------------
On Petition for Review from an Order of
the Board of Immigration Appeals
(A73 756 918)
----------------------

BEFORE SMITH, WIENER, and PICKERING, Circuit Judges.

WIENER, Circuit Judge:

Petitioner Maria del Carmen Barrera DeZavala, a native and citizen of Mexico, petitions for review of a final order of the Board of Immigration Appeals ("BIA") dismissing her appeal and denying her motion to remand based on new evidence. DeZavala asserts that the BIA violated her due process rights in finding her deportable under an Order to Show Cause ("OSC") that incorrectly stated the basis for her excludability. She also argues that her attorney's concession to the erroneous charge at the hearing before the immigration judge ("IJ") constituted ineffective assistance of counsel and deprived her of due process. We deny the petition for review.

## I. FACTS AND PROCEEDINGS

DeZavala is a native and citizen of Mexico, who last entered the United States on January 2, 1997 at Rio Grande City, Texas. The Immigration and Naturalization Service ("INS") issued an OSC to DeZavala on February 17, 1997, alleging, inter alia, that (1) at the time of her entry she falsely represented to the inspection officer that she was a United States citizen and (2) she did not possess a nonimmigrant visa, border crossing card, or other document required for entry. Based on these allegations, the OSC charged that DeZavala was subject to deportation pursuant to the following statutory provisions:

> Section 241(a)(1)(A) of the Immigration and Nationality Act (Act), as amended, in that at the time of entry or of adjustment of status, you were within one or more classes of aliens excludable by the law existing at such time, to wit: aliens who are nonimmigrants not in possession of a valid nonimmigrant visa or border crossing identification card and not exempted from the possession thereof by the Act or regulations thereunder, pursuant to section 212(a)(7)(B)(i)(II).[1]

On October 29, 1997, DeZavala appeared with her attorney before an IJ. DeZavala's attorney denied that DeZavala represented to the inspection officer that she was a United States citizen. He stated that DeZavala had entered the United States as a passenger

---

[1] Immigration and Nationality Act, § 241(a)(1)(A), 8 U.S.C. § 1251(a)(1)(A)(repealed 1996); § 212(a)(7)(B)(i)(II), 8 U.S.C. § 1182(a)(7)(B)(i)(II)(2000). In 1996, § 241(a)(1)(A), 8 U.S.C. § 1251(a)(1)(A) was redesignated § 237, 8 U.S.C. § 1227. See Illegal Immigration Reform and Act of 1996, Pub. L. 104-208, §305(a)(2), 110 Stat. 3009-546, 598.

in a vehicle containing five other passengers and that the immigration officer had questioned only the driver about the citizenship of the vehicle's occupants. Initially, her attorney also denied that DeZavala was deportable as charged in the OSC. He admitted, however, that DeZavala was not in possession of a nonimmigrant visa —— or any other documents for that matter —— at the time of her entry.

On learning that DeZavala entered without documents, the IJ interjected that "it appears that the charge would not be correct." Although the OSC correctly charged DeZavala as being "excludable at the time of entry" under § 241(a)(1)(A),[2] observed the IJ, the basis for excludability charged in the OSC —— inadmissibility as a "nonimmigrant who is not in possession of a valid nonimmigrant visa or border crossing identification card" under § 212(a)(7)(B)(i)(II)[3] —— was incorrect. As DeZavala entered without any documents at all rather than with invalid nonimmigrant documents, the IJ noted, she is presumed under the law to be an immigrant.[4] The IJ expressed his view that the proper basis for

---

[2] Then-section 241(a)(1)(A) provided, in pertinent part: "[a]ny alien who at the time of entry or adjustment of status was within one or more of the classes of aliens inadmissible by the law existing at such time is deportable."(emphasis added)

[3] 8 U.S.C. § 1182(a)(7)(B)(i)(II)(2000)(emphasis added).

[4] See 8 U.S.C. § 1184(b)(2000)("Presumption of status; written waiver. Every alien . . . shall be presumed to be an immigrant until he establishes to the satisfaction of the consular officer, at the time of application for a visa, and the immigration

3

excludability would be § 212(a)(7)(A)(i)(I), which applies to "<u>immigrants</u> who [are] not in possession of a valid unexpired immigrant visa reentry permit, border crossing identification card, or other valid entry document."[5]

Counsel for the government responded to the IJ's concerns by stating that he "believed both . . . charges would possibly be sustainable as well as concedable by [DeZavala's] counsel," informing the IJ that the government would not seek to amend the OSC. After a brief adjournment, DeZavala's attorney withdrew his initial denial to the charge of deportability and conceded her deportability as a nonimmigrant without proper documentation, as charged in the OSC. The IJ accepted the concession and found DeZavala subject to deportation as charged. DeZavala's attorney subsequently petitioned the IJ for suspension of deportation or, alternatively, voluntary departure. Following a hearing on these issues, the IJ denied both requests.

DeZavala's attorney filed a timely notice of appeal to the BIA. His brief was received after the filing deadline had passed, however, and was therefore rejected by the BIA as untimely. In February 2001, DeZavala retained new counsel to represent her on appeal to the BIA ("appellate counsel"). Appellate counsel filed

---

officers, at the time of application for admission, that he is entitled to a nonimmigrant status under section 101(a)(15) of this title.").

[5] 8 U.S.C. § 1182(a)(7)(A)(i)(I)(2000).

4

a motion for permission to file an untimely brief, which the BIA denied. In March 2002, the BIA summarily dismissed DeZavala's appeal for failure timely to file a brief. Appellate counsel then filed a petition for review with us, as well as a motion to reopen with the BIA based on ineffective assistance by DeZavala's hearing counsel, asserting that he had erred in failing to file a motion to file an untimely brief with the BIA and in conceding DeZavala's deportability.

In September of that year, the BIA issued an interim order granting DeZavala's motion to reopen and reinstating her appeal. The BIA based its decision on a determination that it had erred in summarily dismissing DeZavala's appeal for failure timely to file a brief. The BIA expressed no opinion on the merits of DeZavala's claim for ineffective assistance of counsel. DeZavala subsequently dismissed her initial petition to us.

On appeal to the BIA, DeZavala argued that the IJ erred in finding her deportable as a nonimmigrant under § 212(a)(7)(B)(i)(II) based solely on her hearing counsel's concession, as the other evidence in the record established that she was an immigrant and therefore excludable pursuant to § 212(a)(7)(A)(i)(I). DeZavala asserted alternatively that she received ineffective assistance at the IJ hearing when her counsel conceded the erroneous charge. Finally, she requested that, if the BIA found that the proceedings should not be terminated, her case should be remanded to the IJ based on new evidence, particularly

5

the cancellation of removal proceedings against her permanent resident husband, who is a lawful resident alien.

The BIA dismissed DeZavala's appeal and denied her motion to remand. In so doing, the BIA observed that "the record supports, and [DeZavala] does not contest, the finding that [she] was excludable at the time of entry." Thus, reasoned the BIA, there was "no error in the IJ's conclusion that, pursuant to section 241(a)(1)(A) of the Act, [DeZavala] is deportable as charged." As for DeZavala's claim of ineffective assistance of counsel, the BIA noted that, even though DeZavala had complied with the procedural requirements for asserting such a claim, she had failed to demonstrate prejudice stemming from her hearing counsel's actions. Again, the BIA pointed out that the record supports the IJ's conclusion that DeZavala was excludable at entry under § 241(a)(1)(A), observing that she neither contested, at either the IJ hearing or on appeal to the BIA, her excludability under that general provision, nor "provided evidence demonstrating that she [wa]s not otherwise deportable." The BIA therefore declined to remand her case on the basis of ineffective assistance of counsel. Finally, the BIA upheld the IJ's determination that DeZavala had failed to establish either the seven-year period of continuous physical presence in this country or good moral character, both being requirements for entitlement to suspension of deportation and voluntary departure.

DeZavala timely filed this petition for review from the BIA's final order. She asserts that the BIA violated her due process rights when it ordered her deportable pursuant to an OSC that misstated the specific basis for her excludability under § 212(a). DeZavala also contends that her hearing lawyer's concession to her deportability as charged in the "defective" OSC constituted ineffective assistance of counsel in violation of her due process rights. As DeZavala does not seek review of either the BIA's denial of her motion to remand or its findings with regards to her requests for suspension of deportation and voluntary departure, they are forfeited.

## II. ANALYSIS

### A. Jurisdiction

The Illegal Immigrant Reform and Immigration Responsibility Act's ("IIRIRA") transitional rules apply to removal proceedings that commenced prior to April 1, 1997 and concluded more than thirty days after September 30, 1996.[6] As DeZavala's deportation proceedings were initiated in February 1997 and did not conclude until her BIA appeal was denied in October 2003, the IIRIRA's transitional rules apply.

### B. Due Process

---

[6] See Goonsuwan v. Ashcroft, 252 F.3d 383, 386 (5th Cir. 2001)(citing Lerma de Garcia v. INS, 141 F.3d 215, 216 (5th Cir. 1998)).

7

We review due process challenges <u>de novo</u>.[7]  To prevail on such a challenge, an alien must make "an initial showing of substantial prejudice."[8]  As we conclude that DeZavala has failed to establish that she was substantially prejudiced by the procedural error she advances, we reject her claim for violation of procedural due process.

Whatever the merits of DeZavala's contention that she was improperly charged with being excludable at entry as a nonimmigrant rather than as an immigrant, she has failed to demonstrate prejudice resulting from the BIA's decision to deport her as charged.  Although we recognize that a technical distinction exists between excludability as a nonimmigrant and excludability as an immigrant,[9] both of these § 212(a) bases for exclusion fall under

---

[7] <u>Anwar v. INS</u>, 116 F.3d 140, 144 (5th Cir. 1997)(citing <u>Animashaun v. INS</u>, 990 F.2d 234, 238 (5th Cir. 1993)).

[8] <u>Anwar</u>, 116 F.3d at 144 (citing <u>Howard v. INS</u>, 930 F.2d 432, 436 (5th Cir. 1991); <u>Calderon-Ontiveros v. INS</u>, 809 F.2d 1050, 1052 (5th Cir. 1986)).  This Court is "authorized to review only the decision of the BIA, not that of the IJ" and may consider the errors of the IJ "only to the extent they affect the decision of the BIA." <u>Ogbemudia v. INS</u>, 988 F.2d 595, 598 (5th Cir. 1993)

[9]  Section 212(a), § 1182(a), lists the classes of "inadmissible" or excludable aliens.  Included among these classes are aliens who have failed to comply with the "documentation requirements" for entry set forth in § 212(a)(7), § 1182(a)(7).  Section 212(a)(7)(A)(i)(I), § 1182(a)(7)(A)(i)(I), the provision asserted by DeZavala as the proper basis for her excludability, applies specifically to <u>immigrants</u> without proper documentation.  By contrast, § 212(a)(7)(B)(i)(II), § 1182(a)(7)(B)(i)(II), the provision charged in the OSC issued against DeZavala, is applicable only to <u>nonimmigrants</u> without proper documentation.

the umbrella of § 241(a)(1)(A)'s general "excludable at entry" provision. DeZavala does not contest that she is deportable as being excludable at entry under § 241(a)(1)(A). Neither has she demonstrated that there is any benefit or advantage to being deported as an immigrant instead of as a nonimmigrant. Accordingly, DeZavala has failed to establish the requisite substantial prejudice necessary to prevail on this procedural due process claim.

Neither can DeZavala prevail by asserting that she received ineffective assistance of counsel at the IJ hearing when her hearing counsel conceded that she was deportable as charged. First, it is not at all apparent that her attorney was, in fact, ineffective: His decision to concede the charge may well have been tactical or, more likely, a result of his recognition that no substantive difference exists between excludability as a nonimmigrant and excludability as an immigrant. Second, even if we assume <u>arguendo</u> that her counsel's concession did constitute ineffective assistance, for the reasons stated above, DeZavala suffered no prejudice from this concession. We therefore hold that DeZavala's due process claim based on her hearing counsel's alleged ineffective assistance fails.

Finally, we find no merit in DeZavala's contention that prejudice inured in the fact that the deportation proceedings against her were not terminated once the allegedly erroneous basis for excludability was discovered. DeZavala concedes that, had the

IJ terminated the proceedings, the government would have been justified in bringing new charges against her based on her excludability at entry as an immigrant. This confirms beyond cavil that were we to grant review of the BIA's decision and remand for termination of the proceedings against DeZavala, it would merely delay her inevitable exclusion. DeZavala's inability to prolong her confessedly illegal status in this country does not establish substantial prejudice.

### III. CONCLUSION

As DeZavala has failed to show substantial prejudice stemming from any of the errors that she has alleged, we deny review of the BIA's final order of deportation.

REVIEW DENIED.