United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 31, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60174
Summary Calendar

TIJANI MOMOH,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A91 388 692

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

Tijani Momoh, a native and citizen of Nigeria, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the immigration judge's (IJ) denial of relief under the Convention Against Torture (CAT) and order of deportation. The IJ denied relief based on Momoh's withdrawal of his request for relief under the CAT, noting that the matter had been remanded by the BIA "solely for the purpose of considering relief under the Convention." On appeal to the BIA,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Momoh argued, inter alia, that he was entitled to relief under the Immigration and Nationality Act (INA) §§ 212(c) and 245(i). The BIA concurred with the IJ's decision and dismissed the appeal, noting that Momoh had not established that he was entitled to an adjustment of status based on marriage to a U.S. citizen and was not eligible for relief under INA § 212(c).

Because removal proceedings were commenced against Momoh prior to April 1, 1997, and were concluded more than thirty days after September 30, 1996, the transitional rules for judicial review of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 apply. See De Zavala v. Ashcroft, 385 F.3d 879, 883 (5th Cir. 2004). Momoh presents no authority to support his contention that it was error not to consider issues outside the scope of the BIA's remand, which was made solely to consider whether Momoh was entitled to relief under the CAT. See In re Patel, 16 I&N Dec. 600, 601 (BIA 1978). To the extent that the BIA addressed Momoh's assertions that he was entitled to an adjustment of status and was eligible for a waiver of deportation under INA § 212(c), Momoh has not shown that the BIA erred in determining that he was ineligible for such relief.

In order to obtain an adjustment of status based on marriage, an alien must be eligible to receive an immigrant visa and be admissible for permanent residence, and the immigrant visa must be immediately available to the alien. See 8 U.S.C. § 1255(i). Momoh has not shown that an immigrant visa is

2

immediately available to him.  Cf. In re Velarde-Pacheco, 23 I&N Dec. 253, 256-57 (BIA 2002) (requiring an alien to produce "clear and convincing evidence indicating a strong likelihood that the respondent's marriage is bona fide").

Under INA § 212(c), a permanent resident alien may apply to the Attorney General for a discretionary waiver of deportation. See INS v. St. Cyr, 533 U.S. 289, 295 (2001).  Momoh admitted that he was a temporary resident but made no showing that he had obtained status as a lawful permanent resident.

Accordingly, there is substantial evidence to support the BIA's decision, and Momoh's petition for review is DENIED.  See Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001).

Momoh's motion for the appointment of counsel is also DENIED.