**NOT PRECEDENTIAL**


IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 04-2919
_____


TOMMY OROH, DEVIE KALANGI,* GELDOF RYAN OROH,
DENZA REGINA OROH,
*Petitioner*s


v.


ATTORNEY GENERAL
OF THE UNITED STATES OF AMERICA

_____

On Petition for Review of Order of the
Board of Immigration Appeals
(Board Nos. A79-321-416, A79-321-417, A79-321-418 and A79-321-419)
_____

Submitted Under Third Circuit LAR 34.1(a)
June 7, 2005

Before: FUENTES, VAN ANTWERPEN and BECKER, *Circuit Judges*

(Filed June 20, 2005)

---

*The Clerk is directed to amend the caption to reflect the correct spelling of petitioner's name.

OPINION OF THE COURT

BECKER, *Circuit Judge.*

This is a deportation case in which petitioners Tommy Oroh, his wife Devie Kalangi, their son Geldof Ryna Oroh, and their daughter Denza Regina Oroh, natives and citizens of Indonesia of Chinese descent, seek review of a final order of the Board of Immigration Appeals denying their motion to reopen. Tommy Oroh petitions separately for asylum and withholding of removal. Oroh claims that his father's store was destroyed, that he was the victim of extortion, and that he received threats by Indonesian Muslims. The Immigration Judge ("IJ") found certain inconsistencies in petitioner's story and noted that there is no pattern of persecution against Chinese in Indonesia. The BIA summarily affirmed the IJ's decision and Oroh failed to petition for review in this Court. Petitioners then filed a motion to reopen with the IJ, claiming ineffective assistance of counsel. The Board denied the motion because petitioners did not establish they were prejudiced by the alleged ineffectiveness and because they failed to identify what portion of the claim they were unable to present due to their attorney's errors.

The government's brief states the issue before us is whether the Board properly exercised its discretion in denying petitioners' motion to reopen removal proceedings based on an ineffective assistance of counsel claim. We need not decide that question, however, because we are satisfied that the BIA was correct that, even if Oroh's counsel

was ineffective, there was no prejudice because the merits of Oroh's claim are insufficient to warrant asylum relief. *Mohammed v. Gonzales*, 400 F.3d 785, 793 -94 (9th Cir. 2005) ("[P]rejudice results when the performance of counsel was so inadequate that it *may* have affected the outcome of the proceedings.") (citation and quotation omitted); *Canaveral Toban v. Ashcroft*, 385 F.3d 40, 46 (1st Cir. 2004); *De Zavala v. Ashcroft*, 385 F.3d 879, 884 (5th Cir. 2004). There is no evidence that the Orohs were individually persecuted or that they would be persecuted in the future, or indeed that it was the Muslims who actually destroyed Oroh's sister's store. There is virtually no allegation of government sponsored persecution. And there is no evidence of a pattern or practice of persecution against individuals of Chinese descent in Indonesia at this time. *Accord Lie v. Ashcroft*, 396 F.3d 530 (3d Cir. 2005).

We therefore do not reach the question of the putative inconsistences in Oroh's testimony. For these reasons, the BIA did not abuse its discretion in denying Oroh's motion to reopen. The petition for review will be denied.