United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-60317
Summary Calendar

---

SANDRA MARICELA HERNANDEZ DE CERVANTES,
also known as Sandra Cervantes,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A75-948-829
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:*

Sandra Maricela Hernandez De Cervantes (Cervantes) appeals from the Board of Immigration Appeals (BIA) denial of her applications for adjustment of status and waiver of inadmissibility. 8 U.S.C. §§ 1255(a), 1182(h). Cervantes argues that her procedural due process rights were violated when the BIA overruled the determination of the immigration judge (IJ) with respect to her applications.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Section 242 of the Immigration and Naturalization Act (INA), codified at 8 U.S.C. § 1252(a)(2000), strips this court of jurisdiction to review the BIA's denial of both Cervantes's applications for adjustment of status under 8 U.S.C. § 1255(a) and waiver of inadmissibility under 8 U.S.C. § 1182(h), because these statutes implicate purely discretionary determination of the Attorney General. See 8 U.S.C. § 1252(a)(2)(B)(ii); Zhao v. Gonzales, 404 F.3d 295, 303 (5th Cir. 2005); Assaad v. Ashcroft, 378 F.3d 471, 475 (5th Cir. 2004). Nevertheless, this court retains jurisdiction only to consider whether Cervantes has established a substantial constitutional due process violation. See Balogun v. Ashcroft, 270 F.3d 274, 277-78 & 278 n.11 (5th Cir. 2001). To prevail upon a due process challenge in a petition for review, the alien must establish substantial prejudice. DeZavala v. Ashcroft, 385 F.3d 879, 884 (5th Cir. 2004).

Cervantes argues that she was denied the procedural due process guarantees in two ways. First, she argues that the BIA lacked the authority to issue an independent, adverse, and discretionary decision to that of the IJ's ruling. Cervantes's argument is meritless because the BIA is authorized to conduct a de novo review of the IJ's order. See Castillo-Rodriquez v. INS, 929 F.2d 181, 183 (5th Cir. 1991).

Second, she argues that the BIA rendered an adverse, independent, and discretionary ruling to that of the IJ based

upon her veracity which was not at issue at her immigration hearing. She asserts that she was not given an opportunity to respond to the veracity issue.

Cervantes's argument fails because the determinations of adjustment of status and waiver of inadmissibility are purely discretionary, and therefore the denial of such relief does not constitute the deprivation of a liberty interest. See Assaad, 378 F.3d at 475. Further, the record reflects that issues concerning Cervantes's veracity, such as conflicting information that she gave in police reports, were considered by the IJ. Finally, Cervantes makes no showing of substantial prejudice in the BIA's review process. See DeZavala, 385 F.3d at 883. Accordingly, Cervantes's petition for review is DENIED.