United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60606
Summary Calendar
_____

DORA ELENA SACALXOT BAUTISTA,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

---------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A72-450-165
---------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

     Dora Elena Sacalxot Bautista (Sacalxot), a citizen and
native of Guatemala, petitions this court to review the decision
of the Board of Immigration Appeals (BIA) affirming the denial of
her application for asylum and withholding of removal.  Sacalxot
argues that the immigration judge (IJ) erred in finding that she
did not suffer past persecution on account of being a member in a
particular social group and that she did not have a well-founded
fear of future persecution if she returned to Guatemala.  She

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that her credible testimony was sufficient to prove that the man she lived with and the father of her two children, Edgar Machado, was a member of the guerrillas. She further contends that her credible testimony was sufficient to prove that Machado and her cousins were killed by the guerrillas and that the guerrillas were looking for her in Guatemala.

Although the IJ determined that Sacalxot's testimony was credible, the IJ also determined that it was insufficient to prove that Sacalxot suffered past persecution or that she had a well-founded fear of future persecution if she was returned to Guatemala. These findings by the IJ are supported by substantial evidence and the evidence in the record does not compel a contrary conclusion. See Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996). Because the IJ correctly found that Sacalxot failed to make the requisite showing for asylum, he was also correct in finding that she could not meet the more stringent standard for proving her eligibility for withholding of removal. See Girma v. INS, 283 F.3d 664, 667 (5th Cir. 2002).

Sacalxot also challenges the IJ's determination that she failed to meet the hardship requirement for cancellation of removal. However, this court does not have jurisdiction to review the IJ's discretionary determination, in rejecting Sacalxot's application for cancellation of removal, that Sacalxot had not shown that her United States citizen daughter would suffer an "exceptional and extremely unusual hardship." See

Rueda v. Ashcroft, 380 F.3d 821, 831 (5th Cir. 2004); 8 U.S.C. § 1252(a)(2)(B)(i).

Sacalxot does not challenge the IJ's conclusions that she is ineligible for special rule cancellation of removal under the Nicaragua Adjustment and Central American Relief Act (NACARA) or for voluntary departure. She also does not specifically challenge the IJ's conclusion that she is not entitled to relief under the Convention Against Torture (CAT). She asserts that she is entitled to relief under the CAT, but fails to state the showing required or the evidence which she contends shows her entitlement. Therefore, any issues relating to special rule cancellation of removal under the NACARA, voluntary departure, and relief under the CAT are deemed waived. See Calderon-Ontiveros v. INS, 809 F.2d 1050, 1052 (5th Cir. 1986).

Finally, Sacalxot has not demonstrated sufficient prejudice to prevail on her due process claims. See DeZavala v. Ashcroft, 385 F.3d 879, 883 (5th Cir. 2004).

Accordingly, the petition for review is DENIED IN PART and DISMISSED IN PART FOR LACK OF JURISDICTION.