United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-60846
Summary Calendar
_____

GUILLERMO TREVINO-CAVAZOS,

Petitioner,

versus

ALBERTO R. GONZALES,

Respondent.

_____

Petition for Review From An Order of the Board of Immigration Appeals
BIA No. A34 376 735

_____

Before REAVLEY, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:*

    We dismiss the petition for the following reasons:

---

    *Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

1.     The REAL ID Act limits appellate jurisdiction over petitions for review in cases such as this, where petitioner is a felon, to solely "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D).  Although Trevino-Cavazos phrases his main argument in legal terms ("disregard of applicable case law"), he uses those terms to cloak a request for review of the BIA's discretionary decision (the failure to consider "hardship" in the balancing of favorable and adverse factors).  This argument is dismissed for lack of jurisdiction.

2.     Due process claims are reviewed de novo.  *DeZavala v. Ashcroft*, 385 F.3d 879, 883 (5th Cir. 2004).  "Due process challenges to deportation proceedings require an initial showing of substantial prejudice." *Anwar v. INS*, 116 F.3d 140, 144 (5th Cir. 1997).  "The rules of evidence, including those that exclude hearsay, do not govern deportation proceedings."  *Olabanji v. INS*, 973 F.2d 1232, 1234 (5th Cir. 1992) (citations omitted).  Trevino-Cavazos does not demonstrate that the information contained in the PSR was false or that the IJ would have reached a contrary conclusion even had the PSR not been considered.  There has been no showing of "substantial prejudice."

PETITION DISMISSED.