**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 26, 2009

Charles R. Fulbruge III
Clerk

No. 08-60929
Summary Calendar

SOHAIL RAZA KHAN

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A38 907 727

Before DAVIS, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:*

Sohail Raza Khan, a native and citizen of Pakistan, petitions for review of an order from the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ's) decision to deny his application for protection under the Convention Against Torture (CAT).

Khan argues that the BIA wrongly determined that the IJ did not commit reversible error by failing to consider testimony given at a prior removal hearing

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by Khan's sister; Khan's sister refused to testify at the removal hearing that is at issue on the present appeal because of a purported fear of government retaliation. Khan asserts that his sister's prior testimony may have persuaded the IJ that Khan more likely than not would be tortured if he were returned to Pakistan. Khan particularly argues that his sister's testimony (a) corroborated his claims that he previously was arrested and mistreated by the police, and (b) showed that the police in Pakistan have maintained an interest in his whereabouts since he immigrated in 1985 to the United States. Khan also argues that the BIA's failure to remand the proceedings to the IJ for a complete review of his sister's prior testimony was a violation of his due process rights.

The denial of relief under CAT is reviewed under the substantial evidence standard. *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 353 (5th Cir. 2002). This standard requires that the BIA's conclusion be based upon the evidence presented and that it be substantially reasonable. *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996). An alien alleging deprivation of due process in removal proceedings must make an initial showing that he was substantially prejudiced by the procedural error that he advances. *See De Zavala v. Ashcroft*, 385 F.3d 879, 883 (5th Cir. 2004).

The record does not show unequivocally that the IJ did not evaluate the prior testimony of Khan's sister and the instant argument thus may be wholly speculative. However, even if the IJ did not consider the prior testimony of Khan's sister, Khan has not shown that the BIA wrongly held that the IJ's disregard of that testimony was reversible error. The testimony would not have affected the BIA's disposition of Khan's claims because the veracity of Khan's testimony about his experiences with the Pakistani police and their continued interest in him were immaterial to the BIA's denial of relief. The BIA assumed that Khan testified credibly about those matters and nonetheless held that Khan had not shown that he likely would be tortured upon removal to Pakistan. The prior testimony of Khan's sister, which was largely cumulative of Khan's

testimony, merely corroborated evidence that the BIA otherwise held was insufficient to warrant relief. *Cf.* 8 C.F.R. § 1208.16(c)(2) (noting that an alien's credible testimony may be sufficient to sustain burden of proof without additional corroboration). Moreover, to the extent that Khan's sister provided unique testimony about the continued interest of the police in Khan, Khan has not shown how additional testimony on that issue would have changed the outcome of the proceedings.

Thus, Khan has failed to show any harm resulting from the IJ's purported exclusion of his sister's testimony. He therefore has not shown that the BIA wrongly held that the omission did not represent reversible error. Accordingly, Khan's petition for review is DENIED.