# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 14, 2009

Charles R. Fulbruge III
Clerk

No. 09-60130
Summary Calendar

RICARDO ORTIZ-VILLAGOMEZ,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of
the Board of Immigration Appeals
No. A99 619 356

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ricardo Ortiz-Villagomez, a native and citizen of Mexico, petitions for a review of the decision of the Board of Immigration Appeals's (BIA) affirming his removal from the United States. Villagomez argues that his due process rights were violated because the Immigration Judge (IJ) excluded witness testimony that would show that his removal would lead to extreme hardship for his family. For the following reasons, the petition for review is denied.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Villagomez, who was born in Mexico, came to the United States without inspection or parole in 1990. He now lives with his wife, three children, and his parents. His parents are lawful permanent residents and two of his children are United States citizens.

In 2005, Villagomez returned to Mexico with his family for fifteen days because of a family emergency. Villagomez brought a substantial sum of cash in preparation for difficulties crossing the border. On their return trip, Villagomez bought two forged green cards at the border for himself and his wife and also paid to have his son smuggled back into the United States. During the border crossing, immigration officials detained Villagomez and his wife and questioned them about the validity of their green cards. After a four hour detention, during which Villagomez and his wife claimed that they were the people identified on the green cards, the immigration officials released them.

Villagomez was arrested in 2007 and charged with removal. After this arrest, Villagomez admitted the allegations in the removal charge but claimed he was eligible for a cancellation of removal. The IJ declined to hear from Villagomez's witnesses regarding hardship because he determined, based on what happened in 2005, that Villagomez did not have the "good moral character" required for a cancellation of removal. The BIA affirmed the IJ's decision. Villagomez now petitions for a review of the BIA's decision.

## II. DISCUSSION

We review due process claims de novo. *De Zavala v. Ashcroft*, 385 F.3d 879, 883 (5th Cir. 2004). However, to prevail on a due process challenge, a petitioner must "make an initial showing of substantial prejudice." *Id.* We "must affirm the decision [of the BIA or IJ] if there is no error of law and if reasonable, substantial, and probative evidence on the record, considered as a whole, supports the decision's factual findings." *Moin v. Ashcroft*, 335 F.3d 415,

418 (5th Cir. 2003); *accord Howard v. INS*, 930 F.2d 432, 434 (5th Cir. 1991).

Villagomez applied for a cancellation of removal. The INA provides that the Attorney General may cancel the removal of an alien charged with removal if the alien:

> (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
>
> (B) has been a person of good moral character during such period;
>
> (C) has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title, subject to paragraph (5); and
>
> (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1).

At issue here is whether Villagomez has exhibited good moral character during his presence in the United States. The INA provides that no person shall be found to possess good moral character if the alien is a "member of one or more of the classes of persons" described in § 212(6)(E). INA § 101(f)(3), 8 U.S.C. § 1101(f)(3). Section 212(6)(E) provides, in relevant part, that "[a]ny alien who at any time knowingly has encouraged . . . , or aided any other alien to enter or to try to enter the United States in violation of law is inadmissible." INA § 212(6)(E), 8 U.S.C. § 1182(6)(E)(I).[1]

The IJ determined that Villagomez's testimony surrounding his trip in 2005 demonstrated his lack of good moral character because he knowingly aided others' illegal entry into the United States. Villagomez argues that because the

---

[1] In the proceedings below, Villagomez contended that he qualified for the family reunification and other exceptions to the "smugglers" provision. However, he does not make this argument on appeal, and, as such, we consider the issue waived. *Zhu v. Gonzales*, 493 F.3d 588, 593 n. 10 (5th Cir. 2007); *Cinel v. Connick,* 15 F.3d 1338, 1345 (5th Cir.1994).

Government never pursued the underlying smuggling charge that the IJ's decision regarding moral character was erroneous. This contention is unpersuasive. The INA prohibits a finding of good moral character for any alien who knowingly aided others' illegal entry into the United States, and it does not require that the Government prosecute the underlying smuggling charge before seeking to remove a petitioner. INA § 212(6)(E), 8 U.S.C. § 1182(6)(E)(I). *See also Chambers v. Office of Chief Counsel*, 494 F.3d 274 (2d Cir. 2007) (upholding lack of good moral character determination based largely on petitioner's own statements at an IJ removal hearing). As such, the only question is whether the evidence presented at Villagomez's hearing established that he knowingly aided another person's illegal entry into the United States.

Here, the administrative record supports the IJ's determination that Villagomez did knowingly aid others in illegally entering the United States. Villagomez, by his own admission, brought a significant amount of cash to pay for a border crossing, purchased forged green cards for himself and his wife, paid a person to smuggle his son over the border, and claimed that he and his wife were the persons identified on the green cards. Further, Villagomez's official record from his 2007 arrest indicates that a record check revealed that Villagomez was arrested for aiding and abetting in 2005 and granted a voluntary departure. As such, the administrative record supports the IJ's determination that Villagomez "knowingly" aided another person's illegal entry into the United States, and, accordingly, Villagomez cannot show the requisite good moral character to cancel his removal under the statute.

While Villagomez now argues that the IJ's exclusion of his witnesses' testimony violated his due process rights, he does not demonstrate that the exclusion of such testimony substantially prejudiced the outcome of his hearing. Villagomez does not contend that his witnesses' testimony would have demonstrated that he did not knowingly aid others' illegal entry. Instead,

Villagomez only contends that his witnesses would have demonstrated the "extreme hardship" of his removal. However, even if Villagomez's witnesses were able to demonstrate extreme hardship, that would not aid his application for cancellation of removal. Here, without evidence contradicting the determination that he knowingly aided another's illegal border crossing, Villagomez cannot show he has good moral character, and thus he cannot sustain his application for cancellation of removal. As such, excluding Villagomez's witnesses' testimony regarding extreme hardship did not substantially prejudice the outcome of Villagomez's hearing because a showing of extreme hardship is irrelevant if the alien lacks good moral character. Accordingly, excluding the witnesses' testimony did not substantially prejudice the result of Villagomez's hearing, and he cannot show that his due process rights were violated. *See De Zavala*, 385 F.3d at 883.

For the foregoing reasons, the petition for review is DENIED.