# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

No. 09-60712
Summary Calendar

August 18, 2010

Lyle W. Cayce
Clerk

SHAUKAT HAYAT; BUSHRA BUTT; AMAN SHAUKAT; FARYAL SHAUKAT; MOHAMMAD YOUSUF, also known as Mohammed Yousuf Shaukat,

Petitioners

v.

ERIC H. HOLDER, Jr., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 225 905
BIA No. A098 225 906
BIA No. A098 225 907
BIA No. A098 225 908
BIA No. A098 225 909

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Petitioners Shaukat Hayat and Bushra Butt are natives and citizens of Pakistan; their children, the other three petitioners, are natives of Qatar and citizens of Pakistan. They have petitioned for review of the Board of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Immigration Appeals' (BIA's) decision denying their applications for asylum and withholding of removal. All of the applications are based upon Shaukat Hayat's claim.

Petitioners contend that the Immigration Judge (IJ) erred in denying them relief because they demonstrated past persecution and a well-founded fear of future persecution as a result of their religious and political opinions and their membership in a particular social group. They also contend that they were denied due process during the removal hearing because there was an uncorrected mistranslation of Shaukat Hayat's testimony and because the IJ requested that Shaukat Hayat's wife, Bushra, remove her veil before she testified.

The BIA's determination that petitioners are not entitled to relief from removal is supported by substantial evidence. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006); *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005). Shaukat Hayat testified he: was subjected to harassment by members of the Sipah-i-Sahaba Pakistan (SSP), an illegal organization banned by the Pakistani government; received numerous threats urging him to join the SSP and to cease his charitable work in Pakistan; and was beaten with sticks on one occasion. No evidence was offered to indicate what, if any, physical injuries resulted from that attack. The only other evidence of a physical incident concerned a burial ceremony: Shaukat Hayat was in attendance; and SSP members fired shots into the air to disrupt the ceremony, which they contended was against Islam. Hayat testified that he was not fired upon or injured, and there was no evidence that he was the target of the SSP's attack.

Both the IJ and the BIA concluded these incidents did not rise to the level of past persecution of Shaukat Hayat. Petitioners have failed to demonstrate that "the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion". *Zhao*, 404 F.3d at 306. Accordingly, we need not consider whether the incidents were related to a protected ground. Further, Shaukat

Hayat's fear that he will be persecuted if he returns to Pakistan is not objectively reasonable, and the evidence does not compel a finding to the contrary. Because Shaukat Hayat is not entitled to asylum, he cannot meet the higher standard for withholding of removal, s*ee Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). Further, because Shaukat Hayat's family members' claims are based upon his, they also fail.

As for petitioners' due process claims, they have failed to demonstrate that they were substantially prejudiced by the alleged errors. *See De Zavala v. Ashcroft*, 385 F.3d 879, 883 (5th Cir. 2004).

DENIED.