# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 3, 2012

No. 11-60480
Summary Calendar

Lyle W. Cayce
Clerk

MICHAEL ODHIAMBO OWENGA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A096 540 352

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Michael Odhiambo Owenga, a native and citizen of Kenya, seeks a petition for review of the order of the Board of Immigration Appeals (BIA) denying his application for cancellation of removal pursuant to 8 U.S.C. § 1229b. Owenga also moves for the appointment of counsel.

We generally review only the BIA's decision except to the extent that the immigration judge's (IJ) decision influences the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). We lack jurisdiction to review the discretionary denial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of Owenga's request for cancellation of removal.  8 U.S.C. § 1252(a)(2)(B)(i)*; Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007); *Rueda v. Ashcroft*, 380 F.3d 831, 831 (5th Cir. 2004).

Although we are not precluded from reviewing claims raising constitutional or purely legal questions, *see* § 1252(a)(2)(D), Owenga has not demonstrated that the BIA's improper inclusion of a driving while intoxicated offense among his criminal convictions actually caused him prejudice.  The BIA's decision makes clear that while it did consider Owenga's criminal history in totality, it gave particularly significant weight to Owenga's theft conviction and his conviction for evading arrest, noting the recency and the seriousness of both convictions.  The BIA explicitly concluded that the fact that Owenga had committed two serious crimes within months of each other, had committed the evading arrest crime while on probation, and had placed the community at risk by engaging the police in a high-speed chase in order to evade arrest, had essentially cancelled out any positive equities that may have militated in favor of the grant of discretion.  *See De Zavala v. Ashcroft*, 385 F.3d 879, 883 (5th Cir. 2004) (rejecting petitioner's due process claim where she failed to allege that she suffered from substantial prejudice).  Nor has Owenga shown that the BIA improperly relied upon errors made by the IJ.  *See Zhu*, 493 F.3d at 593*; Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004).  Accordingly, Owenga's petition for review is DISMISSED, IN PART, FOR LACK OF JURISDICTION and DENIED, IN PART.  Owenga's motion for appointment of counsel is also DENIED.