# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 25, 2013

No. 12-60796
Summary Calendar

Lyle W. Cayce
Clerk

VICTOR DANIEL CAMEY, also known as Camay, Victor Daniel,

Petitioner

v.

JANET NAPOLITANO, SECRETARY, DEPARTMENT OF HOMELAND
SECURITY,

Respondent

Petition for Review of an Order
of the Department of Homeland Security
No. A029 579 591

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

The petitioner, Victor Daniel Camey, was deported pursuant to an order
of an Immigration Judge in 1994. He seeks review of the September 11, 2012,
decision of the Department of Homeland Security to reinstate that removal
pursuant to 8 U.S.C. § 1231(a)(5). Camey argues that § 1231(a)(5), which was
enacted in 1996 as part of the Illegal Immigration Reform and Immigrant
Responsibility Act of 1996 (IIRIRA), is impermissibly retroactive as applied to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

his case because he reentered the United States in 1995, before the statute was enacted. In *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 33 (2006), the Supreme Court held that § 1231(a)(5) "applies to those who entered before IIRIRA and does not retroactively affect any right of, or impose any burden on," the alien. Accordingly, Camey's argument challenging the retroactive effect of § 1231(a)(5) is foreclosed by *Fernandez-Vargas*.

Camey also contends that § 1231(a)(5) was impermissibly retroactively applied to him because the statute creates a new disability to his application for adjustment of status that he alleges was filed by his son in 2010. He contends that he filed for a labor certificate in 1996, before the effective date of IIRIRA and sought adjustment of status in 2010, when his son filed an application. Because there is no indication that he was eligible to apply for adjustment of status prior to the effective date of IIRIRA, his claim that IIRIRA is impermissibly retroactive because it imposes new liabilities on him is barred by this court's holding in *Silva Rosa v. Gonzales*, 490 F.3d 403, 409-10 (5th Cir. 2007).

Finally, Camey contends that his due process rights were violated by his arrest, detention, and interrogation. Aliens have a Fifth Amendment right to due process in deportation proceedings. *Ojeda-Terrazas v. Ashcroft,* 290 F.3d 292, 302 (5th Cir. 2002). Although Camey also argues that he was denied his Sixth Amendment right to counsel, an alien does not have a Sixth Amendment right to counsel in removal proceedings. *Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006). A claim of the denial of counsel in removal proceedings implicates only rights under due process. *Id.*

This court reviews due process challenges to immigration proceedings de novo. *De Zavala v. Ashcroft*, 385 F.3d 879, 883 (5th Cir. 2004). "To prevail on such a challenge, an alien must make an initial showing of substantial prejudice." *Id.* (internal quotation marks and citation omitted). Camey's conclusory allegations before this court are insufficient to show that if given the

procedural safeguards he seeks, "the result in this case would be . . . different." *Ojeda-Terrazas*, 290 F.3d at 302.

Accordingly, Camey's petition for review is DENIED.