# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60740
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

March 30, 2017

Lyle W. Cayce
Clerk

JORGE LUIS SAUCEDO-MARTINEZ,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A034 158 540

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioner Jorge Luis Saucedo-Martinez, a citizen of Mexico, petitions for review of an order of the Department of Homeland Security (DHS) reinstating a prior order of removal against him, pursuant to 8 U.S.C. § 1231(a)(5). Saucedo-Martinez challenges an immigration judge's (IJ's) ruling concurring with an asylum officer's determination that he did not have a reasonable fear of persecution or torture if removed to Mexico.  There is no merit to Saucedo-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60740

Martinez's assertion that the IJ erroneously prohibited him from establishing the reasonableness of his fear of persecution or torture by refusing to allow the presentation of testimony and documentary evidence regarding his membership in the particular social group of "narco refugee[s]."  The DHS regulations do not require that the IJ conduct a full evidentiary hearing; rather, the IJ need only review the negative reasonable fear determination based on the record developed by the asylum officer.  *See* 8 C.F.R. § 208.31(g).

There is likewise no merit to Saucedo-Martinez's argument that he was not provided timely notice of his impending deportation and was thereby deprived of the opportunity to timely file an application for withholding of deportation.  Under the DHS regulations, if the IJ concurs with the asylum officer's negative reasonable fear determination, the case is returned to DHS for the alien's removal without any further administrative appeal or the opportunity to seek withholding of removal.  *See* § 208.31(g)(1)-(2).

Saucedo-Martinez additionally asserts that he should be returned to the United States because he was unlawfully deported on September 10, 2015, without timely notice to his counsel while a court-ordered stay of removal was in effect.  Saucedo-Martinez unsuccessfully asserted this same argument in motions before both the United States Court of Appeals for the Ninth Circuit, which had ordered the temporary stay of removal on September 10, 2015, and this court, to which the Ninth Circuit transferred the case after vacating its temporary stay on October 21, 2015.  Saucedo-Martinez has failed to offer any compelling statutory, regulatory, or jurisprudential basis for his assertion that he is entitled to be returned to the United States.

Finally, Saucedo-Martinez contends that he was unconstitutionally denied the opportunity to effectively challenge his reinstated removal order because he was not allowed to present specific evidence at his reasonable fear

2

No. 15-60740

hearing before the IJ and because he was removed without timely notice to his counsel, in violation of the stay order, and was thus not able to pursue his request for prosecutorial discretion and his application for withholding of removal.  Aliens do have a Fifth Amendment right to due process in reinstated removal proceedings, *Ojeda-Terrazas v. Ashcroft*, 290 F.3d 292, 302 (5th Cir. 2002), but an alien must make an initial showing of substantial prejudice to prevail on a due process challenge.  *De Zavala v. Ashcroft*, 385 F.3d 879, 883 (5th Cir. 2004).  Saucedo-Martinez has not shown that the result in this case would be different if he had been given the procedural safeguards he seeks, so his due process challenge fails.  *See Ojeda-Terrazas*, 290 F.3d at 302.

PETITION FOR REVIEW DENIED.