# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-60834
Summary Calendar

MARIA ARMINDA AGUILERA,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A97 973 741

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Petitioner Maria Arminda Aguilera, a native and citizen of Mexico, seeks review of the Board of Immigration Appeals' (BIA) order that affirmed the decision by the Immigration Judge (IJ) to deny Aguilera's application for cancellation of removal under the Immigration and Nationality Act (INA). For the reasons set forth below, we dismiss her petition for lack of jurisdiction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This Court has statutory jurisdiction to review final orders of removal under Section 242 of the INA. 8 U.S.C. § 1252. Here, we review the IJ's findings and conclusions inasmuch as the BIA's order summarily affirmed the opinion of the IJ. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009) (citing *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002)). We review the rulings of law de novo and findings of fact for substantial evidence. *See Bolvito v. Mukasey*, 527 F.3d 428, 435 (5th Cir. 2008) (quoting *Sung v. Keisler*, 505 F.3d 372, 375 (5th Cir. 2007)). Similarly, we review due process challenges de novo. *De Zavala v. Ashcroft*, 385 F.3d 879, 883 (5th Cir. 2004).

Aguilera contends that her removal would result in exceptional and extremely unusual hardship to her family, thus satisfying all the statutory requirements for cancellation of removal under 8 U.S.C. § 1229b(b)(1). Aguilera asks us to reverse the IJ's finding that Aguilera did not establish that her removal would result in exceptional and extremely unusual hardship to her spouse and child. However, the finding that Aguilera failed to satisfy the exceptional and extremely unusual hardship requirement for cancellation of removal is a discretionary determination by the Attorney General. *See* INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1) (2006). Prior to the enactment of the REAL ID Act of 2005, 8 U.S.C. § 1252(a)(2)(B), this Court could have reviewed the "operative jurisdictional facts" of Aguilera's petition. But Congress has stripped us of jurisdiction to review "any judgment regarding the granting of relief under section . . . 1229b." § 1252(a)(2)(B); *see also The Good, the Bad, and the Ugly: A Survey of Selected Fifth Circuit Immigration Cases*, 41 TEX. TECH. L. REV. 989, 996 (2009) (noting that the Real ID Act has "drastically changed the statutory provisions governing review" and that the INA specifically bars any court review of discretionary decisions). Instead, we are limited to a review of facts and issues involving a constitutional claim or question of law. § 1252(a)(2)(D).

Aguilera argues that the BIA's affirming without opinion denied Aguilera her due process. In regards to her claim that the BIA failed to review the entire record, this Court in *Soadjede v. Ashcroft*, 324 F.3d 830, 832-33 (5th Cir. 2003), held that the BIA's summary affirmance of the IJ's opinion is not a procedure in violation of due process because the IJ's opinion provides the basis for review. Thus, this argument is without constitutional merit.

Aguilera also maintains that her due process rights were violated by the IJ's refusal to consider the hardship resulting to her daughter, a legal permanent resident, when her cancellation of removal was denied. The IJ, however, accurately excluded Aguilera's adult daughter from hardship consideration because the daughter falls outside the statutory definition of a child as provided by Congress. *See* INA § 101(b)(1), 8 U.S.C. § 1101(b)(1) ("The term 'child' means an unmarried person under twenty-one years of age . . ."); *see also INS v. Hector*, 479 U.S. 85, 86-89 (1986) (determining that the Congressional definition for a child in immigration cases is "unusually detailed and unyielding"). Aguilera has cited no authority that allows an individual who is twenty-five years old and married to overcome the plain language of the statute and qualify as a relative that should be considered for cancellation of removal purposes. Moreover, Aguilera does not have a constitutionally protected liberty or property interest in obtaining discretionary relief under the Fifth Amendment because our Court has determined that illegal aliens do not possess a constitutionally protected right to adjustment of status or eligible discretionary relief. *See, e.g., Manzano-Garcia v. Gonzales*, 413 F.3d 462, 471 (5th Cir. 2005) (citations omitted). Nor does the failure to receive discretionary relief amount to a constitutionally protected deprivation of a property or liberty interest. *See Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004) (citations omitted); *see also Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 550 (5th Cir. 2006) (citations omitted).

Aguilera's assertions do not involve a constitutional claim; instead they merely ask this Court to replace the IJ's evaluation of the evidence, especially the status of Aguilera's daughter, with a new outcome. This we cannot do. *See Hadwani v. Gonzales*, 445 F.3d 798, 800-01 (5th Cir. 2006) (stating that mere propositions constituting abuse of discretion arguments cannot be cloaked in constitutional garb and pass as a constitutional claim); *see also Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (5th Cir. 2001) (preventing the petitioner from establishing jurisdiction by cloaking arguments in constitutional garb).

Aguilera does not raise a constitutional claim or question of law. Her contention that the IJ did not properly take into account her hardship factors falls squarely within the jurisdictional bar of § 1252(a)(2)(B). We are without jurisdiction to review the IJ's decision.

Therefore, the petition for review is DISMISSED.