# Matter of M-J-K-, Respondent

*Decided June 29, 2016*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

In cases involving issues of mental competency, an Immigration Judge has the discretion to select and implement appropriate safeguards, which the Board of Immigration Appeals reviews de novo.

FOR RESPONDENT: Megan E. Hall, Esquire, Westminster, Colorado

FOR THE DEPARTMENT OF HOMELAND SECURITY: Kerri Calcador, Senior Attorney

BEFORE: Board Panel: NEAL, Chairman; GREER, Board Member; O'HERRON, Temporary Board Member.

GREER, Board Member:

In a decision dated August 14, 2014, an Immigration Judge terminated the respondent's removal proceedings without prejudice, finding that the respondent was not competent and that adequate procedural safeguards were not available. The Department of Homeland Security ("DHS") has appealed from that decision. Holding that we review the question of the adequacy of safeguards de novo, we conclude that unexplored safeguards may allow the proceedings to move forward. Accordingly, the record will be remanded for the Immigration Judge to consider the implementation of additional safeguards.

## I. FACTUAL AND PROCEDURAL HISTORY

Removal proceedings were commenced on February 19, 2014, when the DHS filed a notice to appear with the Immigration Court in Aurora, Colorado. The notice to appear alleges that the respondent is a native and citizen of Jordan who was admitted to the United States as a lawful permanent resident in 1982. It further alleges that the respondent is removable under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2012), as an alien who has been convicted of a crime of violence aggravated felony, as defined in section 101(a)(43)(F) of the Act, 8 U.S.C. § 1101(a)(43)(F) (2012).

Based on concerns about the respondent's behavior, the Immigration Judge in Colorado continued the case for a psychiatric evaluation and granted the DHS's motion to change venue to a mental health docket for detainees in San Diego, California. Although the respondent did attend a hearing on February 24, 2014, in Colorado, he thereafter engaged in obstructive behavior and refused to attend several hearings scheduled before another Immigration Judge in San Diego.

In the respondent's absence, the San Diego Immigration Judge determined that the respondent did not appear to be competent based on evidence in the record, which included a psychological evaluation and the U.S. Immigration and Customs Enforcement's Form IHSC-883 (ICE Health Services Corps Mental Health Review). The Immigration Judge noted that a number of safeguards had been applied by the court, including obtaining mental health evaluations, changing venue to a mental health docket, and granting multiple continuances, but he found these safeguards insufficient to ensure fairness in the proceedings.[1] He also concluded that the additional safeguards of representation by counsel and administrative closure would not be effective. In particular, he found that the psychological evaluation indicated that the respondent would not cooperate with counsel and that there was no evidence about restoring competency to support administrative closure. The Immigration Judge therefore terminated the respondent's proceedings without prejudice.

On appeal, the DHS argues that a remand is warranted for the Immigration Judge to clarify his competency determination and to consider additional safeguards, including service of the charging document under *Matter of E-S-I-*, 26 I&N Dec. 136 (BIA 2013). The respondent, who is now represented on appeal, asserts that the Immigration Judge's decision should be upheld.[2] Alternatively, the respondent requests that the record be remanded for further proceedings.

Further, the DHS asserts that the Immigration Judge did not make a clear finding with regard to the respondent's competency, because the respondent refused to attend the hearing. In contrast, the respondent argues

---

[1]   We point out that, in effect, the Immigration Judge waived the respondent's presence, which is an appropriate safeguard under the facts in this case, where the respondent's behavior reflected that he could not contribute to, or participate in, the proceedings at that time.

[2]   The respondent was not represented before the Immigration Judge, but he now has a Qualified Representative appointed by the Executive Office for Immigration Review. *See generally Franco-Gonzalez v. Holder*, No. CV 10-02211-DMG (DTBx), 2014 WL 5475097 (C.D. Cal. Oct. 29, 2014); 2013 WL 8115423 (Apr. 23, 2013); 2013 WL 3674492 (Apr. 23, 2013). On remand, the Immigration Judge should ensure compliance with the applicable standards required by *Franco-Gonzalez v. Holder*.

that the Immigration Judge did determine that he was not mentally competent, despite the inability to conduct a judicial inquiry. Although the Immigration Judge's competency determination was, by necessity, made in the respondent's absence, he relied on relevant documentary evidence of record to find that the respondent was incompetent. We find no clear error in this determination. *Matter of J-S-S-*, 26 I&N Dec. 679, 683 (BIA 2015).[3]

## III.  ISSUE

This case addresses the applicable standard of review for the adequacy of safeguards applied by an Immigration Judge in cases involving mental competency issues. We hold that the Immigration Judge has discretion to select and implement appropriate safeguards, which we review de novo.

## IV.  ANALYSIS

We have held that the test for determining whether an alien is competent to participate in immigration proceedings is whether he or she has a rational and factual understanding of the nature and object of the proceedings, can consult with his or her representative, and has a reasonable opportunity to examine and present evidence and cross-examine witnesses. *Matter of M-A-M-*, 25 I&N Dec. 474 (BIA 2011). When an Immigration Judge finds that a respondent is incompetent, he or she "shall prescribe safeguards to protect the rights and privileges of the alien." Section 240(b)(3) of the Act, 8 U.S.C. § 1229a(b)(3) (2012).

Although the Act does not provide further guidance on the implementation of safeguards, the regulations do address discrete situations, including the proper service of the charging document; the appearance of a guardian, near relative, or friend on behalf of the alien; and the prohibition on the Immigration Judge's acceptance of an admission of removability from certain unrepresented aliens. 8 C.F.R. §§ 103.8(c)(2), 1240.43, 1240.48(b) (2016). The regulations do not otherwise identify specific safeguards to be applied. Nor do they limit the alternatives available to ensure the procedural fairness of the hearing.

While the application of safeguards in cases of mental incompetency is mandatory under the Act, we have recognized that Immigration Judges have discretion to determine which safeguards are appropriate under the

---

[3]  Because we find it necessary to remand the record for other reasons, the Immigration Judge will have the opportunity to reassess the respondent's competency in light of any updated evidence. *Matter of M-A-M-*, 25 I&N Dec. 474, 480 (BIA 2011) (observing that "[m]ental competency is not a static condition").

circumstances of a particular case. *See Matter of M-A-M-*, 25 I&N Dec. at 481−82; *see also Matter of J-S-S-*, 26 I&N Dec. at 682 (observing that "the Immigration Judge is charged with prescribing safeguards when they are found to be appropriate"); *cf. Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014) (stating that Rule 17(c) of the Federal Rules of Civil Procedure "protect[s] an incompetent person's interests in prosecuting or defending a lawsuit" and observing that "the district court has discretion to craft an appropriate remedy to protect the incompetent person"). For example, in *Matter of E-S-I-*, 26 I&N Dec. at 145, we explained that re-serving the notice to appear is a potential safeguard in a case involving a competency issue that surfaced after proceedings were underway. We concluded that the Immigration Judge has discretion to evaluate whether this safeguard would be of benefit under the circumstances of a given case.

The regulations governing the scope of our review provide that the "Board may review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges *de novo*." 8 C.F.R. § 1003.1(d)(3)(ii) (2016). An Immigration Judge's identification of the relevant or available safeguards in a given case may involve fact-finding based on evidence in the record or the Immigration Judge's observations. However, the ultimate determination of which safeguards to implement and whether they are adequate to ensure the fairness of proceedings is discretionary. *Cf. Ridore v. Holder*, 696 F.3d 907, 921−22 (9th Cir. 2012) (stating that the Board may weigh the facts underlying an Immigration Judge's discretionary determination de novo). Given that an Immigration Judge's consideration of appropriate safeguards involves making a judgment about the alternative options that may be applied, we review that discretionary determination de novo under our regulations.

As we have previously emphasized, the "Act's invocation of safeguards presumes that proceedings can go forward, even where the alien is incompetent, provided the proceeding is conducted fairly." *Matter of M-A-M-*, 25 I&N Dec. at 477. In other words, even though a respondent lacks competency, the inquiry does not end there. Rather, when the respondent cannot participate in the proceedings because of a lack of competency, the question becomes whether sufficient relevant information can otherwise be obtained to allow challenges to removability and claims for relief to be presented in the absence of reliable testimony from the respondent. *See Matter of J-R-R-A-*, 26 I&N Dec. 609, 612 (BIA 2015) (explaining that where an asylum applicant with mental health concerns cannot provide reliable testimony, the Immigration Judge should focus on whether the applicant can meet his burden of proof based on objective evidence of record and other relevant issues).

Accordingly, we have held that the parties can explore various alternatives with the Immigration Judge, short of obtaining testimony from the respondent. *See Matter of J-S-S-*, 26 I&N Dec. at 682 (explaining our collaborative approach of requiring neither party to bear a formal burden of proof for determining mental competency, which enables both parties to work with the Immigration Judge to fully develop the record). We recognize that the Immigration Judge in this case had a medical expert's opinion that counsel would not be an effective safeguard. However, we conclude that under the circumstances presented, it was improper for the Immigration Judge to determine that no adequate safeguards were available without first attempting to take other steps that could allow the proceedings to continue. *See* 8 C.F.R. § 1003.25(a) (2016) (stating that a mentally incompetent alien's "presence may be waived provided that the alien is represented at the hearing by an attorney or legal representative, a near relative, legal guardian, or friend").

As counsel was available in the form of a Qualified Representative, the proper course would have been to apply the safeguard of legal representation. The participation of counsel increases the likelihood of finding a means to proceed fairly, despite the respondent's refusal to appear in court. For example, counsel might interact with the respondent, communicate with family, caregivers, and witnesses, or take other actions to advance the case. Such actions should include presenting legal arguments regarding removability and eligibility for relief from removal that are not dependent on the ability to communicate with the respondent. Additionally, even without assistance from the respondent, counsel could provide relevant objective documentation, such as background or country conditions evidence, to assist in adjudicating an application for relief.[4] For these reasons, we find it appropriate to remand the record for the Immigration Judge to consider the implementation of additional safeguards.

Further, although the DHS requested a continuance in order to re-serve the notice to appear in accordance with *Matter of E-S-I-*, the Immigration Judge did not assess whether good cause supported the continuance request, other than to note that the DHS had already been granted numerous continuances. *See* 8 C.F.R. §§ 1003.29, 1240.6 (2016); *cf. Matter of Hashmi*, 24 I&N Dec. 785, 794 (BIA 2009) (stating that the "number and length of prior continuances are not alone determinative"). In a case such

---

[4]   Immigration Judges should be particularly reluctant to terminate proceedings where, as here, the alien has a history of serious criminal conduct and may pose a danger to himself or others upon his release into the community. *Cf. Matter of G-G-S-*, 26 I&N Dec. 339, 346 (BIA 2014) (observing that the claim that one's "violent act was a result of his mental illness does not lessen the danger that his actions posed to others") .

as this, where evidence may need to be gathered from sources other than the respondent, continuances for service of the notice to appear under *Matter of E-S-I-* could involve seeking an individual with knowledge of the respondent's background, such as a relative, friend, or legal guardian. *See Matter of E-S-I-*, 26 I&N Dec. at 142.

Similarly, continuances for the respondent's counsel to investigate sources of biographical information may be warranted. Here, evidence provided by the DHS indicates that the respondent was, at some point, married to a United States citizen and that he has submitted a written filing claiming to have two sons who attend college in the United States. *See id.* at 143 ("[W]here a respondent lacks competency, [a] family member . . . may be able to help the respondent communicate with the Immigration Court and counsel and may be able to provide relevant information regarding alienage, date of entry, removability, and eligibility for relief."). In addition, although the Immigration Judge did not find administrative closure to be warranted, he should evaluate whether that option could serve a purpose in this unique context while other avenues are explored by the parties. *See generally Matter of M-A-M-*, 25 I&N Dec. at 483.

Accordingly, since the respondent is now represented by an attorney, we will remand the record for the Immigration Judge to reassess the safeguard afforded by counsel and to consider additional safeguards as well.

**ORDER:** The record is remanded to the Immigration Court for further proceedings consistent with the foregoing opinion and for the entry of a new decision.