Fremont v. Barr

BIA
Connelly, IJ
A078 370 967

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20ᵗʰ day of August, two thousand twenty.

PRESENT:
>       GUIDO CALABRESI,
>       DENNY CHIN,
>       SUSAN L. CARNEY,
>               *Circuit Judges.*

_____

GARY FREMONT,
>       *Petitioner,*

>       v.                                        19-369
>                                                 NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:          Julia B. Beskin, Owen F. Roberts, Avi Panth, Quinn Emanuel Urquhart & Sullivan, LLP, New York, NY.

**FOR RESPONDENT:**                 Ethan P. Davis, Acting Assistant
                                    Attorney General; Stephen J.
                                    Flynn, Assistant Director; Robert
                                    Michael Stalzer, Trial Attorney,
                                    Office of Immigration Litigation,
                                    United States Department of
                                    Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gary Fremont, a native and citizen of Haiti, seeks review of a January 15, 2019 decision of the BIA affirming a September 11, 2018 decision of an Immigration Judge ("IJ") ordering Fremont's removal to Haiti for a crime involving moral turpitude ("CIMT"), finding Fremont competent to proceed, and denying Fremont's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gary Fremont,* No. A 078 370 967 (B.I.A. Jan. 15, 2019), *aff'g* No. A 078 370 967 (Immig. Ct. Batavia Sept. 11, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we review both the IJ's and BIA's decisions "for the sake of completeness."

2

*Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review factual findings for substantial evidence and questions of law and the application of law to undisputed facts de novo. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *see also Diop v. Lynch*, 807 F.3d 70, 75 (4th Cir. 2015) ("Competency has long been considered an issue of fact.").

Removability

We identify no error in the agency's conclusion that Fremont is removable for having committed a CIMT within five years of the date of his admission. The Government must prove removability by clear and convincing evidence. *Singh v. Dep't of Homeland Sec.*, 526 F.3d 72, 78 (2d Cir. 2008). When the applicable evidentiary standard is clear and convincing evidence, we review findings of fact "under a more demanding variation of the substantial evidence standard . . . ." *Centurion v. Holder*, 755 F.3d 115, 119 (2d Cir. 2014) (internal quotation marks and citation omitted). Under this standard, the petition for review may be granted if we determine that "any rational trier of fact would be compelled to conclude that the proof did not rise to the level of clear

3

and convincing evidence." *Id.* (internal quotation marks omitted).

An alien is removable if he is "convicted of a crime involving moral turpitude committed within five years . . . after the date of admission, . . . for which a sentence of one year or longer may be imposed." 8 U.S.C. § 1227(a)(2)(A)(i). Fremont conceded that his conviction for attempted robbery conviction is a CIMT, but disputes that the Government met its burden of proving that the date of commission fell within five years of his admission. In determining the date of commission of the offense, the agency relied on a document entitled "Complaint/Arrest Affidavit," which reflects that the attempted robbery occurred on January 5, 2007.

Contrary to Fremont's argument, the agency was not limited to the record of conviction to establish the date on which he committed the offense. The term "record of conviction" generally means "a charging document (such as an indictment), a signed plea agreement, a verdict or judgment of conviction, a record of the sentence; a plea colloquy transcript, and jury instructions." *Akinsade v. Holder*, 678

4

F.3d 138, 144 (2d Cir. 2012) (internal quotation marks omitted). This is the record that the agency is limited to when determining *whether* a conviction is a CIMT. *See Wala v. Mukasey*, 511 F.3d 102, 109-10 (2d Cir. 2007). We have not held, however, that the agency is limited to the record of conviction in establishing the date of the commission of an offense under 8 U.S.C. § 1227(a)(2)(A)(i). Meanwhile, the BIA has held that the agency is not limited to a record of conviction in determining the non-element facts of a charge of removability, *e.g., In re Babaisakov,* 24 I. & N. Dec. 306, 317-21 (BIA 2007) (permitting any admissible evidence bearing on victim's loss in aggravated felony case), a holding that comports with subsequent Supreme Court precedent. *See Nijhawan v. Holder*, 557 U.S. 29, 41-43 (2009) (rejecting argument that agency is limited in what documents it may review in determining amount of loss for fraud offense). That 8 U.S.C. § 1227(a)(2)(A)(i) requires the relevant CIMT conviction to have been "committed within five years" supports the agency's reading in this case: although a determination of whether a conviction qualifies as a CIMT should be based on the "record of conviction," a determination

of *when* the relevant offense was committed may take into account any reliable evidence.

Fremont also argues that, even if the Complaint/Arrest Affidavit is admissible, it does not amount to clear and convincing evidence of the date that the offense was committed. We disagree, and conclude that it does. The document was sworn before the deputy clerk or a notary, is date-stamped contemporaneously with its creation, and was obtained from the relevant state court rather than the police department. *Cf. Francis v. Gonzales*, 442 F.3d 131, 143 (2d Cir. 2006) (holding that foreign police report was admissible, but not "clear and convincing evidence," and noting preference for documents from courts rather than law enforcement). Accordingly, this document constitutes clear and convincing evidence that Fremont committed the relevant offense on January 5, 2007, a date within five years of his January 27, 2002 admission.

Competency

"[T]he test for determining whether an alien is competent to participate in immigration proceedings is whether he or she has a rational and factual understanding of the nature

6

and object of the proceedings, can consult with the attorney or representative if there is one, and has a reasonable opportunity to examine and present evidence and cross-examine witnesses." *Matter of M-A-M-*, 25 I. & N. Dec. 474, 479 (BIA 2011). "When there are indicia of incompetency, an Immigration Judge must take measures to determine whether a respondent is competent to participate in proceedings." *Id.* at 480. For example, an IJ may ask questions regarding "the nature of the proceedings, [] the respondent's state of mind[,] [and] . . . whether he or she currently takes or has taken medication to treat a mental illness;" the IJ may also continue proceedings to permit an evaluation. *Id.* at 480-81. Applying the test for competency, an IJ "must weigh the results from the measures taken and determine . . . whether the respondent is sufficiently competent to proceed with the hearing without safeguards." *Id.* at 481.

While, contrary to the IJ's written statement, the record presented some indicia of incompetency, including evidence that Fremont had been diagnosed with a mental illness and prescribed medication for that condition, we find no basis for remand. The IJ asked questions relevant to a determination

7

of competency and Fremont benefited from the safeguard of being represented by counsel. Although the IJ did not conduct a separate competency hearing, at the beginning of Fremont's merits hearing, the IJ asked him questions to determine his competency. Fremont's responses established that he understood the purpose of the proceeding was to remove him from the United States based on his criminal conviction. *See id.* at 480 (listing competency concerns as including understanding of the "nature of the proceedings").

Furthermore, the record before the IJ reflected that Fremont had been able to provide his attorney with detailed information for his asylum application, including, for example, the names, dates, and places of birth of his seven children. While his application and testimony included only a limited level of detail about the past harm that his family suffered in Haiti, this is not necessarily an indication of a lack of competency. Fremont simply may not have known the information: he testified that he never knew the political party to which his mother belonged, for example, while, in contrast, he provided detailed information about his mental health history.

Finally, as the IJ concluded, where the record raises a competency issue, the customary response in the immigration context is for the IJ to put safeguards such as legal representation in place. Fremont already had that safeguard. *Id.* at 481–82 ("Immigration Judges have discretion to determine which safeguards are appropriate, given the particular circumstances in a case before them."); *see also* 8 U.S.C. § 1229a(b)(3) ("If it is impracticable by reason of an alien's mental incompetency for the alien to be present at the proceeding, the Attorney General shall prescribe safeguards to protect the rights and privileges of the alien."); *Matter of M-J-K-*, 26 I. & N. Dec. 773, 777 (BIA 2016) ("The participation of counsel increases the likelihood of finding a means to proceed fairly, . . ."). Here, although the record contained only limited evidence of what happened to Fremont's family in Haiti, with the assistance of his attorney Fremont was able to present his mother's death certificate and evidence of country conditions in Haiti, including evidence regarding mental health care there. Accordingly, we conclude that on this record it cannot be said that any reasonable factfinder would be

compelled to find Fremont not competent: he understood he was in removal proceedings because of his criminal conviction and he was able to work with his counsel to prepare applications for relief.  *See* 8 U.S.C. § 1252(b)(4)(B).

Asylum

To establish asylum eligibility, an applicant must show that he has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.  *See* 8 U.S.C. § 1101(a)(42).  If the applicant is found to have suffered past persecution, he is presumed to have a well-founded fear of future persecution on the basis of the original claim.  8 C.F.R. § 1208.13(b)(1).

Fremont did not corroborate his claim or establish past persecution on the basis of political opinion.  While "[t]he testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration," the applicant must present testimony that "is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee."  8 U.S.C. § 1158(b)(1)(B)(ii). "[T]he trier of fact may weigh the credible testimony along

10

with other evidence of record" and may require corroboration of even credible testimony through available or "reasonably obtain[able]" evidence. *Id.* The agency did not err in determining that Fremont failed to corroborate his political opinion claim.

The agency properly identified the missing evidence, noting that Fremont failed to provide any information from family members to confirm that his mother and uncle were killed and his father detained by supporters of the Lavalas party. Fremont did not show that relevant evidence was not reasonably available as he testified that his siblings were in the United States, that he was in contact with his cousin and father in the United States, and at least one cousin provided some information to his attorney. *See also* 8 U.S.C. § 1252(b)(4) (determinations regarding availability of corroborating evidence shall not be reversed unless a court determines that "a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable").

An asylum applicant generally should be given an opportunity to explain why specific corroboration is missing, but here, Fremont was not asked specifically why he did not

11

supply affidavits from his family members. Explanation is not always necessary, however, depending on the kind of corroboration that the IJ seeks. *Liu v. Holder*, 575 F.3d 193, 198-99 (2d Cir. 2009). Fremont ultimately bore, and failed to carry, the burden of explaining why he did not provide affidavits from any family members, and particularly from his father, who had experienced the alleged past harm. *Id*. at 199.

Furthermore, Fremont did not allege past harm that was directed at him, as required to state an asylum claim. Fremont points to his testimony that people came looking for his father and that "when they c[a]me to [his] mom, they get everybody in the house paid the consequences." But Fremont left Haiti years before his mother's alleged murder in 2018, and he did not identify what harm, if any, he suffered before he came to the United States. Moreover, "an asylum applicant cannot claim past persecution based solely on harm that was inflicted on a family member on account of that family member's political opinion or other protected

12

characteristic." *Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007).

Absent a showing of past persecution, Fremont had the burden to show a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(2); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). Apart from his challenge to the corroboration finding, Fremont does not address the agency's conclusion that he did not establish a well-founded fear on account of his family's political opinions or on account of any proposed social groups. Any challenge to that finding has been waived as a result. *Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (issues and claims "not sufficiently argued" in briefs are waived on appeal). Because Fremont failed to carry his burden of proof for asylum, he necessarily failed to meet the higher burden for withholding of removal. *See Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010). On petition for review, Fremont does not challenge the agency's denial of CAT protection.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court