# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 8, 2022

Lyle W. Cayce
Clerk

No. 20-60517
Summary Calendar

Amina Salvador,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 948 077

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Amina Salvador, a native and citizen of the United Kingdom, has petitioned for review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal from the immigration judge's (IJ) order denying her motion to terminate proceedings and determining that she had failed to

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60517

establish eligibility for asylum and related protection in asylum-only proceedings held pursuant to the Visa Waiver Program (VWP). *See* 8 U.S.C. § 1187; *Lavery v. Barr*, 943 F.3d 272, 276 (5th Cir. 2019); *McCarthy v. Mukasey*, 555 F.3d 459, 459-60 (5th Cir. 2009).

We review the BIA's decision only but will consider the IJ's decision to the extent that it influenced the BIA. *See Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). Questions of law are reviewed de novo, with deference given to the BIA's interpretation of immigration statutes. *See id.* Factual findings will be upheld if they are based on substantial evidence, which requires only that they are supported by record evidence and that they are substantially reasonable. *See id.* Under the substantial evidence standard, findings of fact will be upheld "unless the evidence compels a contrary conclusion." *Lopez-Dubon v. Holder*, 609 F.3d 642, 645 (5th Cir. 2010). The petitioner has the burden of demonstrating that the evidence compels a conclusion contrary to that of the BIA. *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005). Due process challenges are reviewed de novo. *See De Zavala v. Ashcroft*, 385 F.3d 879, 883 (5th Cir. 2004). The petitioner must make an initial showing of substantial prejudice. *See id.*

Salvador asserts that the BIA erred in dismissing her appeal from the denial of her motion to terminate. The BIA determined that Salvador's mental incompetence did not warrant termination of the proceedings. *See Matter of M-J-K-*, 26 I. & N. Dec. 773, 777 (BIA 2016).

Under 8 U.S.C. § 1229a(b)(3), "[i]f it is impracticable by reason of an alien's mental incompetency for the alien to be present at the proceeding, the Attorney General shall prescribe safeguards to protect the rights and privileges of the alien." *See also* 8 C.F.R. § 1240.4. "The [INA's] invocation of safeguards presumes that proceedings can go forward, even where the

No. 20-60517

alien is incompetent, provided the proceeding is conducted fairly." *Matter of M-A-M-*, 25 I. & N. Dec. 474, 477 (BIA 2011).

Here, the IJ properly accepted Salvador's subjective belief in her narrative as true, and his decision was based only on whether Salvador had met her burden of proof based on objective evidence in the record. *See Pierre-Paul v. Barr*, 930 F.3d 684, 695 (5th Cir. 2019), *abrogated in part on other grounds by Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1479-80 (2021)); *Matter of J-R-R-A-*, 26 I. & N. Dec. 609, 611-12 (BIA 2005). Salvador was provided with competent and zealous counsel (the Qualified Representative) and other appropriate procedural safeguards were provided. Salvador has not shown that her substantial rights were affected by the denial of her motion to terminate. *See De Zavala*, 385 F.3d at 883; *see also Pierre-Paul*, 930 F.3d at 696; *M-A-M-*, 25 I. & N. Dec. at 477.

Salvador asserts that the Qualified Representative provided ineffective assistance. Because that contention was not raised below and is therefore unexhausted, we lack jurisdiction to consider it. *See* 8 U.S.C. § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009).

Salvador contends that the proceedings should be reopened because she is a victim of sex trafficking and can qualify for a T or U visa on that basis. Salvador has not shown that her substantial rights were affected. *See De Zavala*, 385 F.3d at 883. Nor has she shown that such relief is available in these asylum-only proceedings. *See Lavery*, 943 F.3d at 276.

With respect to her asylum claim, Salvador asserts only that she was the victim of past persecution because she was subjected to female genital mutilation (FGM). She fears that she will be killed if she is returned to the United Kingdom in order to silence her.

An alien may obtain asylum if she qualifies as a refugee. 8 U.S.C. § 1158(b)(1)(A) & (B)(i). A refugee is a person who is outside of her country

No. 20-60517

and is unable or unwilling to return "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."   8 U.S.C. § 1101(a)(42)(A).  Salvador has the burden of establishing a nexus between such persecution and one of the five statutory grounds for asylum.  *See Tamara-Gomez v. Gonzales*, 447 F.3d 343, 349 (5th Cir. 2006).  "The determination that an alien is not eligible for asylum is a factual finding reviewed under the substantial evidence standard."  *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013) (internal quotation marks and citation omitted).

The BIA determined that Salvador had not shown a nexus between her past mistreatment and her membership in the particular social group consisting of children in the care of the state.  The IJ found that no objective medical evidence had been presented showing that Salvador had been a victim of FGM.

The BIA's decision adopting and affirming the decision of the IJ denying the asylum application was based on the evidence presented, and it was substantially reasonable. *See Sharma*, 729 F.3d at 411.  Salvador has not shown that the evidence compels a contrary conclusion.  *See Lopez-Dubon*, 609 F.3d at 645.  The petition for review of the decisions of the BIA denying Salvador's motion to terminate removal proceedings and denying her asylum application is DENIED.