# Matter of J-A-N-M-, Applicant

*Decided October 23, 2025*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

   Discretionary termination of an applicant's withholding-only proceedings is prohibited by 8 C.F.R. § 1208.2(c)(3)(i) (2025).

FOR THE APPLICANT:  Pro se

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Anastasia S. Norcross, Assistant Chief Counsel

BEFORE:  Board Panel:  MULLANE, HUNSUCKER, and GOODWIN, Appellate Immigration Judges.

MULLANE, Appellate Immigration Judge:

   In a decision issued on December 26, 2024, the Immigration Judge denied the applicant's applications for withholding of removal under section 241(b)(3)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(b)(3)(A) (2018), and protection under the regulations implementing the Convention Against Torture ("CAT").[1]  The Immigration Judge also denied the applicant's motion for administrative closure, but granted the applicant's request for discretionary termination of his withholding-only proceedings.  The Department of Homeland Security ("DHS") appeals the termination of proceedings.  The applicant, a native and citizen of Honduras, did not appeal the denial of his applications and did not file a response to DHS' appeal.  DHS' appeal will be sustained.

   The applicant was ordered removed from the United States on August 28, 2006.  Following his removal, the applicant illegally reentered the United States, and DHS reinstated the prior order of removal on July 11, 2024, through the issuance of a Form I-871, Notice of Intent/Decision to Reinstate Prior Order.  The applicant expressed a fear of return, and an asylum officer found the applicant had a "reasonable fear" of persecution or torture in his

---

[1]   The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85 (entered into force for United States Nov. 20, 1994).  8 C.F.R. § 1208.16(c) (2025); 8 C.F.R. § 1208.18(a) (2020).

native Honduras. 8 C.F.R. § 1241.8(e) (2025). On October 9, 2024, DHS issued a Form I-863, Notice of Referral to Immigration Judge, referring the applicant for withholding-only proceedings. *See* 8 C.F.R. §§ 1208.2(c)(2), 1208.31(e) (2025).

The Immigration Judge denied the applicant's applications for withholding of removal and CAT protection after analyzing the applicant's claims and finding him not credible. The applicant also filed a motion for administrative closure based on his eligibility for a U nonimmigrant visa, which the Immigration Judge denied. During the hearings, the Immigration Judge stated that she did not favor granting administrative closure in detained cases but that she understood the regulations might permit her to terminate proceedings in her discretion. The applicant's attorney said the applicant would like to be considered for discretionary termination. The Immigration Judge provided DHS with an opportunity to respond, and DHS filed an opposition to discretionary termination.

The Immigration Judge granted the applicant discretionary termination of his withholding-only proceedings under 8 C.F.R. § 1003.18(d)(2)(ii) (2025), after balancing the positive and negative factors in the applicant's case and acknowledging that the applicant could pursue his U nonimmigrant visa despite a prior removal order.[2] We review de novo whether the Immigration Judge erred in terminating the applicant's withholding-only proceedings. *See* 8 C.F.R. § 1003.1(d)(3)(ii) (2025).

An alien, like the applicant in this case, who reenters illegally after being removed from the United States is subject to reinstatement of the prior removal order and is statutorily ineligible for any form of discretionary relief. *See* INA § 241(a)(5), 8 U.S.C. § 1231(a)(5) (providing that an alien subject to an reinstated removal order "is not eligible and may not apply for any relief under this chapter"); *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 35 (2006) (stating that section "241(a)(5) [of the INA] applies to all illegal reentrants, explicitly insulates the removal orders from review, and generally forecloses discretionary relief from the terms of the reinstated order"). If the alien expresses a fear of returning to the country of removal and is found by an asylum officer to have a reasonable fear of persecution or torture, the officer

---

[2] Pertinent regulations provide that the applicant may continue to pursue a U nonimmigrant visa directly with United States Citizenship and Immigration Services, independent of these proceedings, even with his final order of removal. *See* 8 C.F.R. § 214.14(c)(1) (2025) (discussing application procedures for U nonimmigrant visas, including for aliens with final orders of removal).

refers the case to an Immigration Judge for "full consideration of the request for withholding of removal only." 8 C.F.R. § 1208.31(e).

The scope of review in withholding-only proceedings initiated by the filing of a Form I-863 with the Immigration Court "shall be limited to a determination of whether the alien is eligible for withholding or deferral of removal." 8 C.F.R. § 1208.2(c)(3)(i); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 535–36 (2021) (reiterating that withholding-only proceedings are subject to the regulatory language of 8 C.F.R. § 1208.2(c)(3)(i)). "During [withholding-only] proceedings, all parties are prohibited from raising or considering any other issues, including but not limited to issues of admissibility, deportability, eligibility for waivers, and eligibility for any other form of relief." 8 C.F.R. § 1208.2(c)(3)(i); *see also Ruiz-Perez v. Garland*, 49 F.4th 972, 977–79 (5th Cir. 2022) (holding that "[t]he reinstatement statute applies to all aliens who have 'reentered the United States illegally after having been removed'" and that that the applicant in that case, who was in withholding-only proceedings, was ineligible for special rule cancellation of removal (quoting INA § 241(a)(5), 8 U.S.C. § 1231(a)(5))).

The Immigration Judge's reliance on 8 C.F.R. § 1003.18(d)(2)(ii) to grant discretionary termination was foreclosed by the limitations listed in 8 C.F.R. § 1003.18(d)(2)(iii): "Nothing in paragraphs (d)(2)(i) and (ii) of this section authorizes immigration judges to terminate a case where prohibited by another regulatory provision." Here, the Immigration Judge was prohibited by 8 C.F.R. § 1208.2(c)(3)(i) from considering any relief, including termination, other than withholding and deferral of removal.

Based on the foregoing, we conclude that discretionary termination of an applicant's withholding-only proceedings is prohibited by 8 C.F.R. § 1208.2(c)(3)(i). Thus, the Immigration Judge did not have the authority to terminate the applicant's withholding-only proceedings based on his claimed eligibility for a U nonimmigrant visa. DHS' appeal will be sustained and the portion of the Immigration Judge's decision granting discretionary termination is vacated.[3] The applicant should be removed pursuant to the previously reinstated removal order.

---

[3]  The applicant's choice to pursue termination of his withholding-only proceedings could be viewed as withdrawing his applications for withholding of removal and CAT protection, as he has a final order of removal and was placed in withholding-only proceedings at his request to pursue fear-based claims. We note, alternatively, that the applicant reserved appeal, but ultimately did not pursue appeal of the Immigration Judge's denial of his applications for withholding of removal and CAT protection.

**ORDER:**  DHS' appeal is sustained.

**FURTHER ORDER:**  The portion of the Immigration Judge's order dated December 26, 2024, granting discretionary termination of the applicant's withholding-only proceedings is vacated.

**NOTICE:**  If an applicant is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by DHS, or conspires to or takes any action designed to prevent or hamper the applicant's departure pursuant to the order of removal, the applicant shall be subject to a civil monetary penalty of up to $998 for each day the applicant is in violation.  *See* INA § 274D, 8 U.S.C. § 1324d (2018); 8 C.F.R. § 280.53(b)(14) (2025).  Further, any applicant that has been denied admission to, removed from, or has departed the United States while an order of exclusion, deportation, or removal is outstanding and thereafter enters, attempts to enter, or is at any time found in the United States shall be fined or imprisoned not more than 2 years, or both. *See* INA § 276(a), 8 U.S.C. § 1326(a) (2018).