**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 23 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OKKY FICRADA JAYA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-3045

Agency No.
A216-555-147

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 21, 2026[**]
Pasadena, California

Before: FRIEDLAND and MILLER, Circuit Judges, and VITALIANO, District Judge.[***]

Petitioner Okky Ficrada Jaya petitions for review of the dismissal by the

Board of Immigration Appeals ("BIA") of his appeal of the Immigration Judge's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

("IJ") denial of his motion for administrative closure. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"We review legal and constitutional questions, including alleged due process violations, de novo." *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012). "We review factual findings for substantial evidence." *Id.* at 1199. "We review for abuse of discretion an IJ's denial of a continuance." *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We review the denial of a motion for administrative closure for abuse of discretion. *See Marquez-Reyes v. Garland*, 36 F.4th 1195, 1208-09 (9th Cir. 2022).

1. Petitioner argues that, after determining that Petitioner lacked competency, the IJ failed to implement adequate safeguards to protect Petitioner's rights, as required by *Matter of M-A-M-*, 25 I. & N. Dec. 474 (BIA 2011). "[T]he ultimate determination of which safeguards to implement and whether they are adequate to ensure the fairness of proceedings is discretionary." *Benedicto v. Garland*, 12 F.4th 1049, 1058 (9th Cir. 2021) (quoting *Matter of M-J-K-*, 26 I. & N. Dec. 773, 776 (BIA 2016)). The IJ ordered Petitioner's retained counsel to continue the representation, and Petitioner points to no evidence that suggests counsel failed to act as an adequate safeguard. Nor does Petitioner identify any prejudice he has suffered as the result of his counsel's performance. Substantial evidence supports the IJ's factual determination that Petitioner's interests would be

best represented by his counsel, and the lack of any showing of prejudice from counsel's representation defeats any due process claim that Petitioner may be asserting. *Vilchez*, 682 F.3d at 1199 ("A due process violation occurs where (1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." (quoting *Lacsina Pangilinan v. Holder*, 568 F.3d 708, 709 (9th Cir. 2009)). The agency therefore did not err in rejecting Petitioner's argument that his proceedings lacked adequate safeguards.

2. Petitioner also argues that the IJ improperly applied the *Matter of Avetisyan*, 25 I. & N. Dec. 688 (BIA 2012), factors in assessing his motion for administrative closure, and that the IJ abused his discretion in rejecting his request for a continuance. The BIA concluded that both challenges were moot because the reason Petitioner sought administrative closure or a continuance was to enable him to receive an adjudication of his successive Form I-539 from U.S. Citizenship and Immigration Services ("USCIS"), and USCIS had issued a denial by the time the BIA decided Petitioner's appeal. Petitioner contends that the BIA erred because he also had a motion to reopen pending before USCIS. But there is no evidence suggesting that Petitioner made the BIA aware of that pending motion, and even if the BIA erred, that issue would itself now be moot because his motion to reopen

has also now been denied by USCIS. "[R]emand is not required here because Petitioner[] no longer ha[s] any remaining claims for relief or pending petitions that might affect [his] immigration proceedings." *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 894 (9th Cir. 2018).

Petition **DENIED**.[1]

---

[1] The temporary administrative stay of removal is lifted, and the motion to stay removal, Dkt. No. 3, is denied.

25-3045