# Matter of C-L-R-, Applicant

*Decided by Board May 4, 2026[1]*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) The applicant, who was found incompetent for purposes of his withholding-only proceedings and was appointed a qualified representative who submitted filings on his behalf, was provided with adequate safeguards to ensure the fairness of his proceedings.

(2) The Immigration Judge properly concluded that the applicant did not establish a clear probability of future persecution on account of his membership in a mental health-based particular social group because the evidence in the record did not establish a particularized risk of future persecution.

FOR THE APPLICANT: Monique R. Sherman, Esquire, Westminster, Colorado

BEFORE: Board Panel: GOODWIN and VOLKERT, Appellate Immigration Judges; MCCLOSKEY, Temporary Appellate Immigration Judge.

GOODWIN, Appellate Immigration Judge:

The applicant, a native and citizen of Honduras, appeals from the Immigration Judge's July 11, 2025, decision denying his application for withholding of removal under section 241(b)(3) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(b)(3) (2024), and protection under the regulations implementing the Convention Against Torture ("CAT").[2] The Department of Homeland Security ("DHS") has not responded to the appeal. The appeal will be dismissed.

---

[1] Pursuant to Order No. 6938-2026, dated June 18, 2026, the Acting Attorney General designated the Board's decision in *Matter of C-L-R-* (BIA May 4, 2026), as precedent in all proceedings involving the same issue or issues. *See* 8 C.F.R. § 1003.1(g)(3) (2026). Editorial changes have been made consistent with the designation of the case as a precedent.

[2] The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85 (entered into force for United States Nov. 20, 1994). 8 C.F.R. § 1208.16(c) (2026); 8 C.F.R. § 1208.18(a) (2020).

The applicant has been diagnosed with schizophrenia, post-traumatic stress disorder, major depressive disorder, and mild cognitive impairment and has experienced visual hallucinations since he was 5 years old. After conducting a Judicial Competency Inquiry and ordering a Forensic Competency Evaluation, the Immigration Judge determined that the applicant is incompetent for the purposes of his withholding-only proceedings. The Immigration Judge appointed a qualified representative through the Executive Office for Immigration Review's National Qualified Representative Program. The Immigration Judge denied the qualified representative's motion to terminate proceedings on December 16, 2024, but granted the qualified representative's request for other safeguards, which were implemented during the proceedings.

As an initial matter, the applicant contends that the Immigration Judge erred by denying his motion to terminate his withholding-only proceedings as a safeguard. These arguments are foreclosed by *Matter of J-A-N-M-*, 29 I&N Dec. 287, 289 (BIA 2025), in which we held that Immigration Judges are prohibited by 8 C.F.R. § 1208.2(c)(3)(i) (2026) from considering any relief, including termination, other than withholding and deferral of removal in withholding-only proceedings. Therefore, termination is unwarranted.

Even assuming the applicant's arguments in support of termination were not foreclosed by *Matter of J-A-N-M-*, the safeguards provided in the instant matter were adequate to ensure the fairness of proceedings. *See Matter of M-J-K-*, 26 I&N Dec. 773, 775–76 (BIA 2016) (holding that the Board reviews de novo the Immigration Judge's decision to select and implement appropriate safeguards). Given the applicant's lack of mental competency, he must be prescribed safeguards protecting his "rights and privileges" for the proceedings to go forward with fundamental fairness. *Matter of M-A-M-*, 25 I&N Dec. 474, 481 (BIA 2011) (citing section 240(b)(3) of the INA, 8 U.S.C. § 1229a(b)(3) (2006)). This includes legal representation and a "'reasonable opportunity' to examine and present evidence and to cross-examine witnesses." *Id.* at 479 (citing section 240(b)(4) of the INA, 8 U.S.C. § 1229a(b)(4), and 8 C.F.R. § 1240.10(a)(4) (2010)). The applicant has been represented by a qualified representative, who requested safeguards on his behalf, including the provision of water and recesses and adjustments to questioning, and these requests were granted. We recognize the qualified representative's arguments that she was not able to request certain additional safeguards, such as access to family or caregivers, and that the applicant exhibited difficulty providing specific information even with the existing safeguards in Immigration Court. However, the qualified representative was able to file motions, assist the applicant in applying for relief and protection from removal, including the submission of country reports and expert

testimony related to his personal characteristics, and file an appellate brief on his behalf. *See Matter of M-J-K-*, 26 I&N Dec. at 777 (emphasizing that the participation of counsel increases the likelihood of the ability to proceed fairly in immigration proceedings). We affirm the Immigration Judge's conclusion that these proceedings were fundamentally fair with the requested safeguards. *See Matter of M-A-M-*, 25 I&N Dec. at 479 ("[A] lack of competency in civil immigration proceedings does not mean that the hearing cannot go forward; rather, procedural fairness is required.").

We next turn to the applicant's request for withholding of removal under the INA. The applicant fears harm from his brother and brother-in-law, who were involved in drug trafficking in the United States, as well as cartel members associated with his brother. The applicant's brother and brother-in-law currently live in Honduras. Members of a drug cartel associated with the applicant's brother beat and robbed the applicant when he was removed to Honduras in approximately 2002 because he did not help his brother in prison and refused to help him sell drugs.

The applicant does not meaningfully challenge the Immigration Judge's finding that he has not established past persecution on account of a protected ground based on the sexual abuse perpetrated by his brother when he was a child. We deem this issue waived. *See Matter of V-A-K-*, 28 I&N Dec. 630, 630 n.2 (BIA 2022) (noting that issues not meaningfully challenged on appeal are waived).

We affirm the Immigration Judge's conclusion that the applicant has not shown that he was or would be persecuted on account of his membership in the particular social group defined as "individuals who refuse to participate in criminal behavior demanded by organized criminal groups."[3] The Immigration Judge found that the individuals who attacked and robbed the applicant were motivated by financial gain and retribution for his refusal to assist his brother and brother-in-law sell drugs, which is not a protected ground. The Immigration Judge's factual findings regarding the motive for the applicant's past harm is not clearly erroneous. *See Matter of N-M-*, 25 I&N Dec. 526, 532 (BIA 2011) ("A persecutor's actual motive is a matter of fact to be determined by the Immigration Judge and reviewed by [the Board] for clear error."); *see also Rodas-Orellana v. Holder*, 780 F.3d 982, 996 (10th Cir. 2015) (stating that harm from a gang was not on account of a protected ground where the alien's testimony showed the gang wanted to take

---

[3] We recognize that the proffered group was also defined as "individuals who refuse to comply with demands to participate in narcotrafficking activity."

his money or recruit him). The applicant contends that the expert evidence and country reports establish his claim because they document gangs' abilities to control territory and identify targets. This argument constitutes another view of the evidence, which is insufficient to establish clear error in the Immigration Judge's motive findings. *See Cooper v. Harris*, 581 U.S. 285, 293 (2017) (holding that, on clear error review, "[a] finding that is 'plausible' in light of the full record—even if another is equally or more so—must govern" (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985))).

We also affirm the Immigration Judge's conclusion that the applicant has not established a clear probability of future persecution on account of his membership in a mental health-based particular social group. The applicant, who has experienced untreated mental illness since he was 5 years old, did well in school, graduated high school, held a stable job in Honduras, obtained employment in Mexico and the United States, and navigated the United States immigration system despite his diagnoses. Contrary to the applicant's arguments on appeal, the Immigration Judge acknowledged expert witness and country conditions evidence that shows that people with disabilities may be targeted for discrimination and violence. However, the Immigration Judge found that the applicant's lack of past harm in Honduras, as well as his education and work history, undermine his claim that he is more likely than not to be persecuted in the future. The Immigration Judge's findings are supported by the record, which does not establish a particularized risk of future persecution. *See Xue v. Lynch*, 846 F.3d 1099, 1109–10 (10th Cir. 2017) (concluding that the lack of a particularized risk of persecution undermines an applicant's fear of future persecution).

The applicant contends that evidence of his past instances of homelessness and his past harm generally support his fear of future persecution. The applicant also argues that he is likely to experience instability if removed to Honduras because he will no longer have access to familial support and will experience difficulty obtaining a new job. He further asserts that he will experience additional adversity due to his mental illness and because Honduran country conditions have deteriorated since he was last removed. The applicant, however, has not identified evidence that shows that the attacks against him were perpetrated on account of his mental illness. On this record, the applicant's general arguments about adverse conditions he may experience in Honduras are insufficient to establish that he, in particular, is more likely than not to be persecuted on account of his mental illness in Honduras. *See generally Kapcia v. INS*, 944 F.2d 702, 708 (10th Cir. 1991) (stating that an applicant must present specific evidence to establish a well-founded fear of future harm).

To the extent that the applicant contends on appeal that there is a pattern or practice of persecution of a group of persons similarly situated to him on account of his mental health status, he did not meaningfully raise this argument before the Immigration Judge. We will not address this argument raised for the first time on appeal. *See Matter of J-Y-C-*, 24 I&N Dec. 260, 261 n.1 (BIA 2007).

We affirm the Immigration Judge's determination that the applicant is ineligible for CAT protection. Even assuming, without deciding, that the applicant's past harm rises to the level of torture, this is but one factor we evaluate when considering an applicant's likelihood of future torture. *See* 8 C.F.R. § 1208.16(c)(3). We disagree with the applicant's arguments that the Immigration Judge misapplied the CAT standard and inappropriately focused her analysis on the applicant's past harm, rather than the remaining record evidence. The Immigration Judge considered the applicant's fear of future torture but found that he was not more likely than not to be tortured because his claim was impermissibly speculative. The Immigration Judge also found that there was insufficient evidence that the applicant is more likely than not to be tortured by a public official acting in an official capacity. In support of this determination, the Immigration Judge found that evidence of adverse conditions in mental health institutions was insufficient to establish that the applicant is more likely than not to be tortured with the requisite specific intent. The Immigration Judge's evaluation represents a permissible view of the record evidence. *See Matter of D-R-*, 25 I&N Dec. 445, 455 (BIA 2011), *remanded on other grounds sub nom., Radojkovic v. Holder*, 599 F. App'x 646 (9th Cir. 2015).

The applicant contends that mental health facilities and prisons in Honduras are run by government employees, and there is evidence that people with mental illness experience physical and sexual abuse by criminals and public officials in Honduras, including in mental health facilities. He also contends that country conditions and expert opinion evidence concerning the State of Emergency in Honduras, gang violence, and stigmatization of individuals with mental illness shows that he is more likely than not to be tortured. However, the applicant's citation to anecdotal reports of torture, as well as general country conditions evidence of the prevalence of violence, is insufficient to establish that he, in particular, is more likely than not to be tortured. *See Matter of A-A-R-*, 29 I&N Dec. 38, 41–42 (BIA 2025); *see also Matter of O-A-R-G-*, 29 I&N Dec. 30, 36 (BIA 2025). While the applicant argues that his past harm occurred with specific intent and that gangs and police target individuals with specific intent to torture, these arguments are similarly insufficient to establish that he is more likely than not to be tortured in Honduras. *See Escobar-Hernandez v. Barr*,

940 F.3d 1358, 1362 (10th Cir. 2019) ("[B]y itself, pervasive violence in an applicant's country generally is insufficient to demonstrate the applicant is more likely than not to be tortured upon returning there.").

Although the applicant states that he has a significant risk of torture from gangs, narcotraffickers, and public officials because of factors such as past homelessness, past attacks by criminals, and his deportee status, he has not adequately identified evidence overlooked by the Immigration Judge that establishes he is more likely than not to be tortured in Honduras. Based on the foregoing, we affirm the Immigration Judge's denial of CAT protection.

**ORDER:** The appeal is dismissed.

**NOTICE:** If an applicant is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by DHS, or conspires to or takes any action designed to prevent or hamper the applicant's departure pursuant to the order of removal, the applicant shall be subject to a civil monetary penalty of up to $998 for each day the applicant is in violation. *See* INA § 274D, 8 U.S.C. § 1324d (2024); 8 C.F.R. § 280.53(b)(14) (2026). Further, any applicant that has been denied admission to, removed from, or has departed the United States while an order of exclusion, deportation, or removal is outstanding and thereafter enters, attempts to enter, or is at any time found in the United States shall be fined or imprisoned not more than 2 years, or both. *See* INA § 276(a), 8 U.S.C. § 1326(a) (2024).